Matthias, J.,
 

 dissenting. The statutory limitation of liability of an innkeeper involved in this case is predicated upon the theory that the personal property of the guest was “placed in his [the innkeeper’s] care.”
 

 The conceded facts, as shown in the majority opinion, disclose that the plaintiff’s property was not placed in the care of the defendant under any reasonable interpretation and application of the provision of Section 5983, General Code.
 

 
 *21
 
 The defendant conld not have been a “depositary for hire” as contemplated by the statute, for those provisions clearly were designed to cover the checking of trunks or other form of baggage and bundles under conditions where there would be at least a possibility of consenting “in writing” to the extent of or the limitation upon liability in case of loss.
 

 In this instance the defendant’s employee took possession of plaintiff’s baggage apparently in accordance with the duty assigned him in that regard by the defendant. That employee, a so-called doorman, instructed the plaintiff to leave the baggage where he had placed it “at the foot of the stairs inside the lobby” of the hotel. The doorman thus assumed the complete charge of the baggage until it could be procured by a bellboy, following plaintiff’s registration. The defendant, through its employee, had expressly accepted the responsibility for plaintiff’s baggage and is not relieved therefrom by the statutory provision cited in the majority opinion.
 

 It is my view that the judgment of the Municipal Court, affirmed by the Court of Common Pleas, should have been affirmed by the Court of Appeals.
 

 Weygandt, C. J., and Stewart, J., concur in the foregoing dissenting opinion.